# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of PENNSYLVANIA, LLC, | |
| Plaintiffs, | CIVIL ACTION NO: 3:19-cv-01470-JPW |
| v. | |
| PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC | Honorable Jennifer P. Wilson |
| Defendants. | |

**NON-PARTY BANILLA GAMES, INC.'S RESPONSES AND OBJECTIONS TO**
**SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 45, non-party Banilla Games, Inc. ("Banilla") hereby provides it responses and objections to the subpoena served by plaintiffs in the above-referenced action, Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs").

Banilla's responses are made based on its present knowledge. Banilla specifically reserves its right to amend, modify, or supplement its responses and objections.

In responding to any enumerated request in the subpoena (the "Requests"), Banilla neither admits the existence of any facts set forth or assumed by the Request, nor concedes the relevance or materiality of the Request or the subject matter thereof. Further, that Banilla responds to part or all of any Request is not (and should not be construed to be) a waiver by Banilla of any objections. Banilla's responses are made subject to and in reliance on the General Objections set forth below, and each General Objection is incorporated into each specific response below as if set forth fully therein. The recitation of one or more specific objections in any particular response is not to be construed as a waiver of any objection.

## **GENERAL OBJECTIONS**

Banilla generally objects to the Requests as follows:

1.     Banilla—a non-party to the instant litigation—objects to the Requests as unduly burdensome insofar as they purport to require Banilla to engage in document collection and production as if it were a party with claims asserted against it.

2.     Banilla objects to the Requests as harassing, unduly burdensome, disproportionate to the needs of the instant action given that Plaintiffs have previously served two other subpoenas on Banilla in February 2020 and June 2020, to which Banilla has already responded.

3.     Banilla objects to the Requests as well as the Definitions and Instructions contained therein to the extent that they seek to impose upon Banilla any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Pennsylvania, the Local Rules of the Eastern District of North Carolina, and/or any applicable local rules, procedures, or Orders of the Court.

4.     Banilla objects to the Requests to the extent that they seek information protected from discovery by the attorney-client privilege, the work product doctrine, Fed. R. Civ. P. 26(b)(4)(B), (C) & (D), and/or any other applicable privilege or immunity.  Nothing in these responses is intended to be, nor should it be considered, a waiver of the attorney-client privilege, work product doctrine, immunity under Fed. R. Civ. P. 26(b)(4)(B), (C) & (D), or other applicable privileges or immunities.

5.     Banilla objects to the Requests to the extent that they call for information that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.  If Banilla objects to these Requests solely on third-party confidentiality grounds, Banilla will notify

2

Plaintiffs' counsel of that fact and confer with Plaintiffs' counsel to determine whether and how such information can be disclosed.

6. Banilla objects to the Requests as overly broad, unduly burdensome, and beyond the permissible scope of Fed. R. Civ. P. 26 to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.

7. Banilla objects to the Requests to the extent that they seek information that is (a) not in the possession, custody, or control of Banilla, (b) publicly available, and/or (c) otherwise obtainable by more practical or inexpensive means.

8. Banilla objects to the Requests as overly broad and unduly burdensome to the extent that the Requests seek documents that could be obtained through discovery directed to the one or more of the parties in the instant action.

9. Banilla objects to the Requests to the extent that they seek information or documents without regard to a time frame or scope relevant to the issues in dispute in the instant action.

10. Banilla objects to Instruction No. 1 as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it demands production of documents outside of Banilla's possession, custody, or control.

11. Banilla objects to Instruction No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of the instant action.

12. Banilla objects to Instruction No. 3 as vague, overly broad, unduly burdensome, and disproportionate to the needs of the instant action.

13.     Banilla objects to Instruction No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it purports to require production of a privilege log with certain requirements that extend beyond that which would be necessary to reasonably assess the validity of a claim of privilege, including the instruction/statement that "[t]he failure to produce such a log may be deemed a waiver of privilege or work product."

14.     Banilla objects to Instruction No. 6 as unduly burdensome and disproportionate to the needs of the instant action insofar as it purports to require production in a certain format.

15.     Banilla objects to Instruction No. 8 as unduly burdensome to non-party Banilla insofar as it purports to impose obligations on Banilla under Rule 34 of the Federal Rules of Civil Procedure, which pertains solely to parties.

16.     Banilla objects to the definitions of "The Preview Display Feature" and "The Testing Feature" as vague and ambiguous. Banilla further objects to these terms insofar as they appear to use terms from a patent, and, thus, call for legal conclusions regarding the meaning of those terms.

17.     Banilla objects to the definition of "you," "your," and "Banilla" as overly broad and unduly burdensome. For purposes of its responses to the Requests, Banilla will construe "Banilla" to refer to itself, a non-party to the instant action.

18.     Banilla objects to the definition of "Morgan Lewis" as overly broad and unduly burdensome insofar as it purports to refer to potentially thousands of employees who have nothing to do with the instant action.

19.     Banilla objects to the definition of "Defendants" as overly broad and unduly burdensome. For purposes of its responses to the Requests, Banilla will construe "Defendants" to refer to Pennsylvania Coin, LLC and PA Coin Holdings, LLC, defendants in the instant action.

4

20.     Banilla objects to the definition of the term "person" or "party" as overly broad and unduly burdensome.  For purposes of its responses to the Requests, Banilla will construe "person" or "party" to refer to the name individual or entity.

21.     Banilla objects to the definitions of "document" and "communication" to the extent that the definitions: (a) alters the scope of a Request beyond the proportional needs of the case; (b) requires production of electronically stored or archived information that is not reasonably accessible because of undue burden or cost; and/or (c) expands the scope of a Request to exceed the scope or limits of any Protective Order to be entered regarding Banilla's production.

22.     Banilla objects to the Requests insofar as they purport to require Banilla to produce documents within an unreasonable time period.  Banilla will produce any documents in response to the Requests in accordance with timing to be agreed upon with Plaintiffs in the instant action.

23.     Banilla objects to the Requests as overbroad and unduly burdensome to the extent they purport to impose an obligation on Banilla to log documents withheld on the grounds of privilege for an unreasonable period of time.  Banilla will not log documents withheld on privilege, attorney work product, or other discovery immunities generated after August 23, 2019, the date on which the original complaint was filed in the instant action.

## RESPONSES AND OBJECTIONS TO REQUESTS

**1.     All Documents relating to your communications with Defendants (including their counsel, Morgan Lewis) regarding the above-styled litigation.**

**RESPONSE:**  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, any communications Banilla may have had with Defendants or Defendants' counsel regarding this action have no bearing on

whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action, and a request to produce "all" documents relating to such communications is on its face overly broad. Banilla objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**2. All Documents relating to your communications with Defendants (including their counsel, Morgan Lewis) regarding the 223 Patent, Plaintiffs, Pace-O-Matic, Inc., Michael Pace, or any Pace-O-Matic, Inc. product.**

**<u>RESPONSE</u>**: Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Specifically, any communications Banilla may have had with Defendants or Defendants' counsel regarding the '223 Patent, the Plaintiffs, Michael Pace, Pace-O-Matic, Inc., or the products of Pace-O-Matic, Inc. have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action, and a request to produce "all" documents relating to such communications is on its face overly broad. Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action. Banilla further objects to this Request to the extent that it seeks documents that

are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**3.    All Documents relating to your communications with Defendants (including their counsel, Morgan Lewis) regarding the validity or alleged invalidity of the 223 Patent.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, any communications Banilla may have had with Defendants or Defendants' counsel regarding the alleged validity or invalidity of the '223 Patent have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action, and a request to produce "all" documents relating to such communications is on its face overly broad.  Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.  Banilla further objects to this Request insofar as it calls for legal conclusions regarding "validity" and "invalidity."  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

4.     **All Documents relating to your communications with Defendants (including their counsel, Morgan Lewis) regarding who if anyone other than Michael Pace contributed to the invention of one or more claims of the 223 Patent.**

<u>**RESPONSE**</u>:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, any communications Banilla may have had with Defendants or Defendants' counsel regarding the inventorship of the '223 Patent  has no bearing on who, in fact, contributed to the invention of the '223 Patent, given that neither Banilla's nor Defendants' personnel have been identified in the litigation as contributing to the invention of the '223 Patent.  Moreover, a request to produce "all" such documents is on its face overly broad.  Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

5.     **All Documents relating to your communications with Defendants (including their counsel, Morgan Lewis) regarding one or more of the following topics pertaining to the above-styled litigation: (1) claim construction; (2) Defendants' discovery responses; or (3) Plaintiffs' Motion for Entry of Judgment**

<u>**RESPONSE**</u>:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, any communications Banilla

may have had with Defendants or Defendants' counsel regarding issues already decided in the instant action (claim construction and Plaintiffs' Motion for Entry of Judgment) have no bearing on the adjudication on the sole remaining issue in the action—*i.e.*, whether the '223 Patent is valid. Further, a request to produce "all" documents relating to such communications is on its face overly broad. Moreover, any communications between Defendants and a third-party regarding already served discovery responses likewise have no bearing on whether the '223 Patent is, in fact, valid. Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**6.     All Documents relating to your communications with Grant "Fuzzy" Kowell regarding one or more of the following topics: (1) the above-styled litigation; (2) the validity or alleged invalidity of the 223 Patent; or (3) who if anyone other than Michael Pace contributed to the invention of one or more claims of the 223 Patent.**

**<u>RESPONSE</u>**:     Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Specifically, any communications Banilla may have had with non-party Grant Kowell regarding the various listed topics have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action, and a request to produce "all" documents relating to such communications is on its face overly broad. Banilla further objects to this Request to the extent that it seeks documents that are protected by

9

the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**7. All Documents relating or to your communications with Donald J. Feichter and/or World Touch Gaming, Inc. regarding one or more of the following topics: (1) the above-styled litigation; (2) the validity or alleged invalidity of the 223 Patent; or (3) who if anyone other than Michael Pace contributed to the invention of one or more claims of the 223 Patent.**

**RESPONSE**: Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Specifically, any communications Banilla may have had with non-parties Donald J. Feichter and World Touch Gaming, Inc. regarding the various listed topics have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action, and a request to produce "all" such documents is on its face overly broad. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**8.**     **All Documents relating to your communications with Jeff Mayle regarding one or more of the following topics: (1) the above-styled litigation; (2) the validity or alleged invalidity of the 223 Patent; or (3) who if anyone other than Michael Pace contributed to the invention of one or more claims of the 223 Patent.**

**<u>RESPONSE</u>**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, any communications Banilla may have had with non-party Jeff Mayle regarding the various listed topics have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action, and a request to produce "all" such documents is on its face overly broad.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**9.**     **All Documents relating to the circumstances regarding the conception, reduction to practice or constructive reduction to practice of any claim of U.S. Patent No. 8,491,369 (to G. Kowell)**

**<u>RESPONSE</u>**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party, particularly since there has been no allegation in the instant action that Banilla was in any way involved in the conception or reduction to practice of the claims of U.S. Patent No. 8,491,361.  Banilla further objects to this Request insofar as it seeks information that would be within the possession, custody, and/or control of non-

11

party Grant Kowell—the named inventor on U.S. Patent No. 8,491,369—an individual that Banilla understands the parties in the litigation have already served subpoenas on. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**10.** **All Documents relating to any electronic amusement game system that included a Preview Display Feature prior to July 1, 2006, including documents relating to communications regarding such system.**

**RESPONSE**: Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Banilla specifically objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it purports to require Banilla to search for potentially years' worth of game systems and conduct its own analysis of what non-Banilla products may have included certain features over a decade ago. Banilla further objects to this Request as vague and ambiguous insofar as it uses the phrase "Preview Display Feature." Banilla further objects to this Request insofar as it calls for a legal conclusion regarding which products included features claimed in a patent. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**11.** **All Documents relating to any electronic amusement game system that included a Testing Feature prior to July 1, 2006, including documents relating to communications regarding such system.**

<u>**RESPONSE**</u>: Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Banilla specifically objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it purports to require Banilla to search for potentially years' worth of game systems and conduct its own analysis of what non-Banilla products may have included certain features over a decade ago. Banilla further objects to this Request as vague and ambiguous insofar as it uses the phrase "Testing Feature." Banilla further objects to this Request insofar as it calls for a legal conclusion regarding which products included features claimed in a patent. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**12.** **All Documents relating to the features or functions of Nudgemaster prior to July 1, 2006.**

**RESPONSE**: Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to the request as vague and ambiguous to the extent it refers to "the Nudgemaster," a term that is not defined; for purposes of the request, Banilla will understand that this is a reference to a game made by third party World Touch Gaming. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party, particularly since it seeks documents regarding a game made by a third party. Banilla further objects to this Request as vague, ambiguous, and overly broad insofar as it purports to require Banilla to determine what the "features" and "functions" are of a third-party product that purportedly existed over a decade ago. Banilla further objects to this Request insofar as it seeks information that would be within the possession, custody, and/or control of non-party World Touch Gaming, an entity that Banilla understands the parties in the litigation have already served subpoenas on. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**13.      All Documents, including correspondence and agreements, concerning any agreement to indemnify relating to the above-styled litigation.**

<u>**RESPONSE**</u>:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.  Banilla further objects to this Request as duplicative, harassing, unduly burdensome, and disproportionate to the needs of the instant action insofar as it is substantively duplicative of requests included in Plaintiffs' prior two subpoenas directed to Banilla to which Banilla has already responded.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**14.     All Documents evidencing any opinions from counsel** *(e.g.,* **in-house counsel or outside counsel) regarding the invalidity of the 223 Patent.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, opinions of counsel (if any) that non-party Banilla obtained regarding invalidity of the '223 Patent have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action.  Banilla further objects to this Request insofar as it calls for a legal conclusion regarding "invalidity."  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**15.     All Documents, including but not limited to business plans and projections, that describe the market for your electronic amusement games including the competitors in such market.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, the documents requested, including Banilla's business plans and view of competitors for its games (none of which are accused of infringing the '223 Patent in the instant action) have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action.  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject

of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**16. All documents relating to communications regarding whether one or more of the following entities are your competitors in the market for your electronic amusement games: Pace-O-Matic, Miele Manufacturing, Plaintiffs, Pennsylvania Skill or Queen of Virginia Skill.**

**RESPONSE**: Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Specifically, the documents requested, including communications about whether Banilla competes with the Plaintiffs and other non-parties for its games (none of which are accused of infringing the '223 Patent) have no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the instant action. Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**17.    All Documents relating to any business that you claim you have lost as a result of the electronic amusement games offered and/or sold by one or more of the following entities: Pace-O-Matic, Miele Manufacturing, Plaintiffs, Pennsylvania Skill or Queen of Virginia Skill.**

<u>**RESPONSE**</u>:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the instant action, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla is a non-party to the instant action, and has not made any claims or contentions in this action.  Moreover, Banilla's business (which involves sales of products that are not accused of infringing the '223 Patent)  has no bearing on whether the '223 Patent is, in fact, valid—the sole remaining issue in the litigation.  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, common interest protection, and/or any other applicable privilege or protection.

Based on the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

Dated:  August 2, 2021                     MORGAN, LEWIS & BOCKIUS LLP



John V. Gorman
Kenneth J. Davis
Amy M. Dudash
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Non-Party Banilla Games, Inc.*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2021, I caused a copy of the foregoing Non-Party Banilla Games, Inc.'s Responses and Objections to Subpoena for Production of Documents to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

Amy M. Dudash